ANGELA OLEKSA, )
)
    Plaintiff, )
)
v. )    Case No.: 4:25-CV-01809-PLC
)
KNOW INK, LLC d/b/a KNOWINK, )
)
and )
)
SCOTT LEIENDECKER, )
)
and )
)
TRINET USA, INC., d/b/a TRINET )
)
    Defendants. )

## DEFENDANT KNOW INK, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Know Inc., LLC d/b/a KnowInk (hereinafter referred to a "Defendant" or "KnowInk"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.    Defendant admits that St. Louis County is within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division but is without sufficient knowledge to admit or deny whether Plaintiff is an individual residing in St. Louis County, Missouri and therefore denies the same.

2.    Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

1

4.	Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.	Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.	Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.	Defendant admits that Plaintiff purports to bring this claim pursuant to the Equal Pay Act of 1963, 29 U.S.C. §206(d)("Equal Pay Act").  To the extent Plaintiff attempts to assert a cause of action against Defendant, Defendant denies any violation of law and further denies that Plaintiff is entitled to any relief.

8.	Defendant admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint. To the extent Plaintiff attempts to assert a cause of action against Defendant, Defendant denies any violation of law and further denies that Plaintiff is entitled to any relief.

9.	Defendant admits venue is proper. To the extent Plaintiff attempts to assert a cause of action against Defendant, Defendant denies any violation of law and further denies that Plaintiff is entitled to any relief.

PARTIES

10.	Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

11.	Defendant admits that it is engaged in the business of election technology and denies all remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

2

12. Defendant admits the allegations set forth in Paragraph 12 of Plaintiff's Complaint. To the extent Plaintiff attempts to assert a cause of action against Defendant, Defendant denies any violation of law and further denies that Plaintiff is entitled to any relief.

13. Defendant admits the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Defendant Leiendecker is the named manager of KnowInk and denies the remaining characterizations and allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. Paragraph 19 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

20. Paragraph 20 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

3

21. Paragraph 21 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

22. Paragraph 22 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

FACTS

23. Defendant admits the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that Mrs. Oleksa was the Director of Technical Service and Support and denies the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Paragraph 26, including sub-paragraphs (a) through (s), of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Mrs. Oleksa was employed by Defendant KnowInk during the relevant time period but denies the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint, including each of its subparts. Plaintiff's allegations regarding her purported accomplishments constitute her own characterization, and Defendant's employment records speak for themselves.

27. Defendant admits that Mrs. Oleksa was provided with a copy of a handbook but denies the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

4

28. Defendant admits the allegations set forth in Paragraph 28 of Plaintiff's Complaint and further states that the Handbook speaks for itself. To the extent Plaintiff attempts to assert a cause of action against Defendant, Defendant denies any violation of law and further denies that Plaintiff is entitled to any relief.

29. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that on or about December 15, 2022, Mrs. Oleksa received a bonus. Defendant denies the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint. Plaintiff's allegations regarding her purported accomplishments constitute her own characterization, and Defendant's employment records speak for themselves.

31. Paragraph 31 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

33. Paragraph 33 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 33 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

34.     Paragraph 34 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's belief, and therefore, denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

35.     Paragraph 35 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported accomplishments constitute her own characterization, and Defendant's employment records speak for themselves.

36.     Paragraph 36 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

37.     Paragraph 37 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

38.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint and therefore denies the same. Plaintiff's allegations

regarding her purported opinions and actions constitute her own characterization, and Defendant's employment records speak for themselves.

39. Paragraph 39 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported role constitute her own characterization, and Defendant's employment records speak for themselves.

40. Paragraph 40 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

41. Defendant admits that Mrs. Oleksa received a bonus in December 2023 but denies the remaining allegations set forth in Paragraph 41 of Plaintiff's Complaint. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

42. Paragraph 42 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

43. Paragraph 43 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 43 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

44. Paragraph 44 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

45. Defendant admits the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Paragraph 46 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Keith Klein was Director of Software Development during Mrs. Oleksa's employment with KnowInk and denies the remaining allegations set forth in Paragraph 46 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

47. Defendant admits the allegations set forth in Paragraph 47 of Plaintiff's Complaint. To the extent Paragraph 47 of Plaintiff's Complaint attempts to assert a cause of action against Defendant, Defendant denies any violation or law and further denies that Plaintiff is entitled to any relief.

48. Paragraph 48 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

49. Paragraph 49 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 49 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding educational backgrounds, work history, and technical backgrounds constitute her own characterization, and Defendant's records speak for themselves.

50. Paragraph 50 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Keith Klein is the Director of Software Development and denies the remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. Paragraph 51 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

52. Paragraph 52 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding Klein's purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

53. Paragraph 53 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding Klein's purported job

performance constitute her own characterization, and Defendant's employment records speak for themselves.

54. Paragraph 54 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding Klein's purported job performance constitute her own characterization, and Defendant's employment records speak for themselves

55. Paragraph 55 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding job performance constitute her own characterization, and Defendant's records speak for themselves.

56. Defendant admits that in 2022, Brock Killen was the Chief Operations Officer for KnowInk and denies the remaining allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Mr. Killen conducted Mrs. Oleksa's performance review in 2022 and denies the remaining allegations set forth in Paragraph 57 of Plaintiff's Complaint. Plaintiff's allegations regarding job performance constitute her own characterization, and Defendant's records speak for themselves.

58. Paragraph 58 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.      Paragraph 59 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Mr. Killen is no longer employed with KnowInk and denies the remaining allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.      Paragraph 60 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendant admits that during the relevant time discussed in paragraph 60 of Plaintiff's Complaint, Jamie Schneider was KnowInk's Chief of Human Resources, and denies the remaining allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.      Paragraph 61 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

62.      Paragraph 62 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

63.      Paragraph 63 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

64.      Paragraph 64 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that in April 2023,

11

Patrick Werner was employed by Defendant and denies the remaining allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Paragraph 65 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

66. Defendant admits that Mr. Werner conducted Mrs. Oleksa's performance review in July 2023 and Plaintiff received a raise in 2023. Plaintiff's allegations regarding job performance constitute her own characterization, and Defendant's records speak for themselves.

67. Paragraph 67 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 67 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding job performance constitute her own characterization, and Defendant's records speak for themselves.

68. Paragraph 68 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Keith Klein serves as the Director of Software Development but denies the remaining allegations set forth in Paragraph 68 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Defendant further denies that Plaintiff and Klein performed substantially equal work under similar working conditions. Plaintiff's allegations regarding job performance constitute her own characterization, and Defendant's records speak for themselves.

69. Paragraph 69 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 69 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

70. Defendant admits that page 13 of the Handbook contains the quoted language. The Handbook speaks for itself. To the extent Plaintiff's allegations characterize or interpret the Handbook inconsistently with its plain language, those allegations are denied.

71. Paragraph 71 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's beliefs and, therefore, denies the allegations set forth in Paragraph 71 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

72. Paragraph 72 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's beliefs and, therefore, denies the allegations set forth in Paragraph 72 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

73. Paragraph 73 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's beliefs and, therefore, denies the allegations set forth in Paragraph 73 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

74. Paragraph 74 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's beliefs and, therefore, denies the allegations set forth in

Paragraph 74 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

75.     Defendant denies the allegations set forth in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant admits that Ken Terry worked with Plaintiff and denies the remaining allegations set forth in Paragraph 76 of Plaintiff's Complaint.

77.     Paragraph 77 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

78.     Paragraph 78 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

79.     Paragraph 79 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant the allegations set forth in Paragraph 79 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

80.     Paragraph 80 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 80 of Plaintiff's Complaint, denies any violation of law, and further denies that

14

Plaintiff is entitled to any relief. Plaintiff's allegations regarding her purported job performance constitute her own characterization, and Defendant's employment records speak for themselves.

81.     Paragraph 81 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 81 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

82.     Paragraph 82 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 82 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

83.     Paragraph 83 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

84.     Paragraph 84 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 84 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

85.     Defendant denies the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

86.     Paragraph 86 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny Plaintiff's beliefs and characterizations and, therefore, denies the

allegations set forth in Paragraph 86 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

87. Paragraph 87 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 87 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

88. Paragraph 88 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 88 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

89. Paragraph 89 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 89 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

90. Paragraph 90 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

91. Paragraph 91 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 91 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

92. Paragraph 92 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 92 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

93. Paragraph 93 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 93 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

94. Paragraph 94 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 94 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

95. Paragraph 95 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 95 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

COUNT I – VIOLATIONS OF THE EQUAL PAY ACT AGAINST DEFENDANT
COMPANY AND DEFENDANT TRINET

96. Defendant hereby incorporates by reference its answers and responses to Paragraphs 1-95 of Plaintiff's Complaint as though fully set forth herein.

97. Paragraph 97 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 97 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

98. Paragraph 98 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 98 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

99. Paragraph 99 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 99 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

100. Paragraph 100 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 100 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

COUNT II – VIOLATIONS OF THE EQUAL PAY ACT
AGAINST DEFENDANT LEIENDECKER

In response to Count II, this Defendant states that said Count is not directed against this Defendant. To the extent a response is deemed required, Defendant denies the allegations contained therein, for Paragraphs 101-105 of Plaintiff's Complaint.

COUNT III – RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

106. Defendant hereby incorporates by reference its answers and responses to Paragraphs 1-105 of Plaintiff's Complaint as though fully set forth herein.

107. Paragraph 107 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set

forth in Paragraph 107 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

108. Paragraph 108 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 108 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

109. Paragraph 109 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 109 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

110. Paragraph 110 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 110 of Plaintiff's Complaint, denies any violation of law, and further denies that Plaintiff is entitled to any relief.

<u>PRAYER FOR RELIEF</u>

Defendant denies that Plaintiff is entitled to the relief sought in paragraphs A-H of Plaintiff's prayer for relief contained in the Complaint, or to any relief whatsoever, from Defendant.

To the extent not heretofore admitted, modified or denied, Defendant herein and now denies any remaining allegations contained in Plaintiff's Complaint.

<u>JURY DEMAND</u>

No response is required to Plaintiff's demand for a jury trial. To the extent a response is deemed necessary, Defendant demands a trial by jury on all issues so triable.

<u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant because it does not plausibly allege that Plaintiff performed work requiring equal skill, effort, and responsibility under similar working conditions as any specifically identified male employee within the same establishment.

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted, with respect to any claims of discrimination or retaliation not asserted in a timely and valid Charge filed with the EEOC. Defendant further avers that Plaintiff is *estopped* and barred from alleging in this action matters which were not properly alleged or within the scope of charges timely filed with the EEOC.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations under 29 U.S.C. § 255. Defendant denies any willful violation of the Equal Pay Act; therefore, any recovery is limited to the two-year statutory period.

4.      At all relevant times, Defendant acted in good faith and with reasonable grounds for believing its compensation practices complied with the Equal Pay Act, thereby precluding or limiting liquidated damages pursuant to 29 U.S.C. § 260.

5.      Plaintiff did not perform work substantially equal to that of any alleged male comparator in terms of required skill, effort, and responsibility. The employees referenced in Plaintiff's Complaint held positions involving materially different duties, levels of discretion, scope of responsibility, revenue accountability, client management, supervisory authority, and/or strategic impact.

6.      Plaintiff's subjective belief that she performed equal or greater work than male employees is insufficient to establish substantial equality under the Equal Pay Act.

20

7. Any differences in compensation between Plaintiff and any male employee were based on factors other than sex, including legitimate business considerations relating to experience, qualifications, performance, revenue generation, scope of responsibility, market conditions, and business needs.

8. To the extent any identified comparator possessed greater tenure or time in role, any compensation differential is attributable to a seniority-based system.

9. To the extent any identified comparator negotiated a higher starting salary or compensation package based on prior experience, competing offers, or market demand, any resulting pay differential is attributable to negotiation and market-based factors unrelated to sex.

10. To the extent compensation differed based on geographic region, assigned territory, cost-of-living considerations, market conditions, or regional revenue potential, any differential was based on legitimate geographic or market factors unrelated to sex.

11. Bonus and incentive compensation were determined pursuant to a bona fide performance-based and/or discretionary compensation system tied to business results and individual contribution, and not on the basis of sex.

12. To the extent Plaintiff alleges that male "subordinates" earned greater compensation, such compensation was based on individual production, revenue generation, specialized expertise, or market-driven compensation factors unrelated to sex.

13. Plaintiff cannot establish that any alleged pay differential occurred within the same "establishment" as required by 29 U.S.C. § 206(d)(1), to the extent the identified comparators worked in different locations, divisions, reporting structures, or compensation units.

14.     Plaintiff did not suffer an adverse employment action. Dissatisfaction with the timing or amount of a requested raise does not constitute an adverse action under the Equal Pay Act.

15.     Plaintiff voluntarily resigned her employment in May 2024. Defendant did not terminate her employment.

16.     Plaintiff was not subjected to working conditions so objectively intolerable that a reasonable person in her position would have felt compelled to resign. Allegations concerning compensation disputes or denial of a requested raise do not meet the standard for constructive discharge.

17.     Defendant did not deliberately create or knowingly permit intolerable working conditions, and Plaintiff cannot establish constructive discharge.

18.     There is no causal connection between any alleged protected activity and Plaintiff's resignation. Plaintiff's compensation was reviewed and adjusted through ordinary business processes, including after she raised concerns.

19.     Plaintiff failed to mitigate her alleged damages, and any recovery must be reduced by interim earnings or amounts earnable with reasonable diligence. Emotional distress and punitive damages are not recoverable under the Equal Pay Act.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, LC**

*/s/ Heidi L. Eckert*
Heidi L. Eckert, #68916
Julie M. Chambers, #65434
120 S. Central Avenue, Suite 1500
St. Louis, Missouri 63105
Telephone:  314-863-1500
Facsimile:  314-863-1877
heckert@bbdlc.com
jchambers@bbdlc.com

*Attorneys for Defendants Know Inc., LLC d/b/a*
*KnowInk and Scott Leiendecker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all parties registered with the Court's e-filing system as attorneys of record on this 17th day of February, 2026.

*/s/ Heidi L. Eckert*